MORRIS LANG, Appellant, *v.* CASSEL COHEN, Respondent.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Contracts — action for work, labor and services — plumber's registration certificate need only be filed in one borough of the city — insufficiency of defense — Greater New York Charter, § 415(a).

> In an action by a duly licensed plumber of the borough of Manhattan for work, labor and service and materials furnished under a contract for plumbing repairs in the borough of Queens, it is no defense that he had not filed a plumber's registration certificate in the latter borough where the work was done.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, for defendant, dismissing the complaint with costs.

Harry Weinberger (David Bernstein, of counsel), for appellant.

Lawrence J. Bershad, for respondent.

WHITAKER, J. This is an action for work, labor and services, and for materials furnished.

The plaintiff is a licensed plumber and produced his license in court but it was excluded by the trial court in spite of the fact that plaintiff produced it and testified that it was issued to him by the license bureau, Manhattan borough, under date of March 20, 1917, but his subsequent license dated March 13, 1918, was accepted in evidence. This renewal of the license was made pursuant to the provisions of the charter, which require annual registration for plumbers. Moreover plaintiff testified that he had secured and held such a license each year for the past twenty years.

Defendant engaged plaintiff through plaintiff's son, who was plaintiff's assistant, about April 13, 1918, to do certain work on plumbing fixtures at Arverne, borough of Queens, and defendant agreed to pay plaintiff ten dollars a day, and plaintiff's son on behalf of plaintiff agreed to do the work for ten dollars a day for a man and helper and carfare and some of the materials to be furnished by defendant. Plaintiff's son then ordered the materials necessary and he went with defendant's wife, Mrs. Cohen, to Arverne and examined the place where the work was required at No. 4 Strayton avenue.

Plaintiff's son testified that they began the work

about May sixth and that he worked there nearly a month and that he had a helper with him all the time and that he furnished not only the labor but also some material; that he had had conversations with defendant during that time and he told defendant that some material was needed and defendant told him to go ahead and order it which plaintiff did, and that his charges were fair and reasonable for the work, labor and materials; that plaintiff had been paid $60 on account by defendant and that there was still due $283; that the work was not finished as it was stopped by defendant, but that amount was due plaintiff up to the present time for work and materials actually rendered and supplied.

At the close of plaintiff's case, the parties agreed on a settlement of $125, but the settlement was withdrawn and the case reopened.

Defendant put in no defense but rested at the close of plaintiff's case and moved to dismiss upon various grounds, which the trial court subsequently granted, and gave judgment for defendant.

Defendant moved to dismiss upon the ground that plaintiff had not filed a plumber's registration certificate in the borough of Queens. This is a purely technical defense and simply an attempt by defendant to evade payment of plaintiff's bill for work and materials which defendant did not deny he received. Plaintiff was conducting his business in Manhattan borough and had held a plumber's license there for twenty years. The fact that he did not file a certificate in Queens borough before taking this small contract for plumbing repairs cannot be used by this defendant to avoid payment of the balance of his bill.

Although the trial court reserved decision on the motions to dismiss, and defendant, not knowing how the motions would be decided, rested his case and did

not even take the stand himself to disprove plaintiff's case and he has all the benefits of plaintiff's performance of the contract. Had the work been unsatisfactory and not according to the contract and had plaintiff not been entitled to compensation for his work, labor and services as well as materials it seems that defendant would have produced some proof to that effect, but his entire case consisted of an attack on plaintiff's license as a plumber, not that plaintiff did not have a license but that plaintiff did not have two licenses, one for Manhattan, and one for Queens.

In reviewing a judgment of non-suit, the plaintiff is entitled to the most favorable inference deducible from the evidence and all contested questions of fact are to be decided in his favor (*Weil* v. *Dry Dock, E. B. & B. R. R. Co.,* 119 N. Y. 147, 152), so that plaintiff has proved his case as far as the work, labor and materials are concerned.

Defendant contends that plaintiff loses all rights of action by his failure to file a certificate of registration as a plumber in Queens borough even though he was registered in Manhattan borough.

Section 415 of the charter, subdivision a, requires: " every employing or master plumber * * * shall register his name and address * * * in the borough of said city in which he performs work * * *."

Plaintiff had fully complied with this requirement and was duly licensed in Manhattan borough where his office was located. He held a license issued by the city of New York and was qualified to work in each borough of the city. There would be nothing gained or any additional protection given to the people to compel a plumber to take out five licenses, all from the same source, the city of New York; and his failure to do so would only be used as in this case to avoid payment of a bill. The charter does not say that a license

must be taken out in all the boroughs and plaintiff is entitled to a strict construction as defendant relies upon the charter to assist him in avoiding payment of the balance of the money he owes to plaintiff.

It is, therefore, the opinion of this court that plaintiff was duly licensed and registered by the city of New York as a plumber to perform the work contracted for and as defendant offered no proof, thereby admitting plaintiff's case, the judgment dismissing plaintiff's complaint and entered in favor of defendant is reversed, with $30 costs, and judgment ordered for plaintiff for the amount claimed and proved as the balance due, to wit, $283, with costs in the court below.

GUY and FINCH, JJ., concur.

Judgment reversed, with costs.